AO 91 (Rev. 11/11)  Criminal Complaint


E-filing

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>KISHORE PALLAPOTHU<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)<br>)  **14 70298 PSG**<br>)<br>) |

**SEALED BY ORDER OF THE COURT**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ___May 31, 2012___ in the county of ___Santa Clara___ in the
___Northern___ District of ___California___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1505 | Obstruction of Justice |

**Filed MAR 5 – 2014 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE**

This criminal complaint is based on these facts:

See Affidavit of Special Agent Chris Collins, United States Department of Labor, Office of Inspector General, which is attached hereto and incorporated by reference. See also Attachments A and B, attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

*Approval as to Form!*
x /s/ AUSA Timothy J. Lucey  3/4/2014

Sworn to before me and signed in my presence.

Date: 3.4.14

City and state: SAN JOSE, CALIFORNIA

_____
*Complainant's signature*
SA CHRIS COLLINS, DOL/OIG
*Printed name and title*

_____
*Judge's signature*
HON. PAUL S. GREWAL, U.S. MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR CRIMINAL COMPLAINT

I, Chris Collins, being duly sworn, hereby state as follows:

1. I am a Special Agent ("SA") with the United States Department of Labor ("DOL"), Office of Inspector General ("OIG"), Office of Labor Racketeering and Fraud Investigations in San Francisco, California, and have been so employed since September 2011. In May 2009 I earned a Masters of Public Administration from the Robert F. Wagner Graduate School of Public Service at New York University in New York, New York. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to becoming a SA, I was an Investigative Research Specialist with DOL-OIG from 2009 to 2011 where I assisted with nationwide visa fraud criminal cases. In August 2011 I was a presenter at the U.S. Department of State, Diplomatic Security Service H&L Visa Fraud Training Summit in Denver, Colorado. As a DOL SA, my duties include investigating fraud, waste and abuse of various DOL programs. During my tenure as a SA, I have participated and conducted investigations of criminal activity including immigration fraud, theft of government funds, healthcare fraud and other related financial crimes. I have participated in the execution of search and arrest warrants and have seized evidence of violations of federal law.

## PURPOSE

2. This affidavit is made in support of an application for an arrest warrant for Kishore Pallapothu ("Pallapothu") in connection with a violation of Title 18, United States Code, § 1505 (Obstruction of Justice). This affidavit is submitted for the limited purpose of

establishing probable cause for a violation of 18 U.S.C. § 1505 and does not purport to set forth all of my knowledge of, or investigation into, this matter.

## BACKGROUND OF INVESTIGATION

3. The San Francisco Document Benefit Fraud Task Force ("task force"), consisting of United States Homeland Security Investigations (HSI), DOL-OIG, and United States Department of State, Diplomatic Security Service (DSS), is investigating Kishore Pallapothu and others for petitioning the United State Government to obtain H-1B labor visas for nonexistent jobs at a shell company. Pallapothu, a resident of Cupertino, California, has owned, controlled, and/or operated multiple companies that serve as H-1B labor visa contractors for tech firms in the Silicon Valley area of Northern California and under investigation for his role in the creation and transmission of a series of false and fraudulent H-1B visa applications.

4. The investigation has determined that, in or about May 2012, shortly after the government agents had begun making contacts with certain beneficiaries and other witnesses in connection with suspected fraudulent H-1B visa applications, at least one of the witnesses was contacted by telephone by Mr. Pallapothu. As detailed below, I have probable cause to believe this communication to the witness was made in an effort to corruptly influence, obstruct, and impede, and attempt and endeavor to corruptly influence, obstruct, and impede, the due and proper administration of the law in connection with pending proceedings before the Department of Labor, the Department of Homeland Security, and the Department of State, and in the process, thereby subvert, delay, inhibit, and obstruct the government's investigation into the validity, or lack

thereof, into true facts and circumstances surrounding the underlying H-1B visa application process tied to Mr. Pallapothu and his associates.

## PROBABLE CAUSE TO ARREST PALLAPOTHU

5. Specifically, on or about June 11, 2013, I conducted an interview of a Pallapothu-related H-1B beneficiary, hereinafter referred to as Witness No. 1. Witness No. 1 had been petitioned by Kishore Pallapothu to work for Pallapothu's own company, Elite Software, as a Computer Systems Analyst. In the Form I-129 Petition for Nonimmigrant Worker, Pallapothu attests, under penalty of perjury, that Witness No. 1 will be contracted out from Elite Software to work as a contractor at Company X, located in Mountain View, CA. The supporting documentation included with the Form I-129 says differently, that Witness No. 1 will be working as a contractor at Atiric Software, located at 3333 Bowers Ave., Suite 130, Santa Clara, CA. Atiric Software was registered in March 2007 with the California Secretary of State and the address for this business ties back to an address and suite associated with several other Pallapothu-related businesses.

6. During the June 11th interview, Witness No. 1 initially denied any inaccurate information in connection with her H-1B visa application and confirmed that he/she had a consulting project with Atiric Software and may have worked at the office on 3333 Bowers Avenue. However, as the interview continued, Witness No. 1 ultimately acknowledged that he/she had neither worked with or for Atiric Software, had not been to that office address, and had been influenced to provide this false information to the government as a result of a telephone conversation with Kishore Pallapothu, prior to being contacted by the government.

7. More specifically, I learned from Witness No. 1 that, on or about May 29, 2012, Witness No. 1 had been contacted by e-mail and been requested to call the sender.

8. The next day, on May 30, 2012, Witness No. 1 received a call from a caller from the number 408-429-1900. This phone number is linked to Horizon Technologies, a company operated by Kishore Pallapothu, at the address of 1270 Oakmead Parkway, in Sunnyvale, CA. During the May 30th phone call, the caller told Witness No. 1 that he/she may get a call from the government regarding Atiric Software.

9. The following day, on May 31, 2012, Witness No. 1 received a call from Kishore Pallapothu, who called from phone number 650-245-6761. Telephone records show a call was, in fact, placed from 650-245-6761 to the number of Witness No. 1 at approximately 11:59 a.m. on May 31, 2012. Phone records indicate that phone number 650-245-6761 is a wireless phone registered to Kishore Pallapothu's wife, Ragini Vecham, at the address of the home of Kishore Pallapothu, 10568 Johnson Avenue, Cupertino, CA 95014. Furthermore, a consensually monitored phone call was placed in December 2012 to this phone number and the person who answered the phone identified himself as Kishore Pallapothu.

10. In the call on May 31, 2012, Witness No. 1 recognized the caller as Kishore Pallapothu, who in turn told Witness No. 1 to "Just tell them [which Witness No. 1 took to mean the government] that your H-1B was filed with Atiric, but you work with [Company X]. You did not work at Atiric." Pallapothu also requested that he/she sign the timesheets that were e-mailed to him/her and send them back to Pallapothu.

11. I later reviewed an email sent to Witness No. 1 and dated Wednesday, May 30, 2012. The e-mail says, "Please sign the timesheets and send us a scan copy and go through

information provided." Attached to this e-mail are three documents. One document is a list of 16 questions and answers in connection with Witness No. 1's alleged work at Atiric Software. One of the questions, for example, asks, "What is the duration of your work?" The answer to this question states, "It was a long term project. I worked from 03/18/2009 to 04/18/2009." The other two attachments in the e-mail are timesheets. One timesheet is for March 2009 and the other is for April 2009. The timesheets indicate that Witness No. 1 worked at Atiric Software 8 hours per weekday from March 18, 2009 to April 17, 2009.

12. Witness No. 1 signed the timesheets contained in the aforesaid email and e-mailed them back to the email address in this message, as he/she had been directed by Pallapothu in his call to Witness No. 1 on May 31, 2012.

13. Witness No. 1 later admitted to me that the information in the "answers" attachment as well as the timesheet information, to the extent it referenced him/her working at Atiric Software in 2009 was false, in that he/she had, in fact, never worked at or for Atiric Software at any time in any capacity.

## CONCLUSION

14. Based upon the evidence set forth herein, there is reason to believe that a violation of Title 18, United States Code, § 1505 (Obstruction of Justice) was committed on or about May 31, 2012, by Kishore Pallapothu. Therefore, I respectfully request that an arrest warrant be issued for Kishore Pallapothu. I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge.

_____
CHRIS COLLINS
Special Agent, U.S. Department of Labor
Office of Inspector General

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 4th DAY OF MARCH, 2014.

_____
HONORABLE PAUL S. GREWAL
United States Magistrate Judge

## ATTACHMENT A

**STATUTORY LANGUAGE**
**(In Relevant Part)**

**Title 18, United States Code, Section 1505**

Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States . . .

## ATTACHMENT B

## PENALTY

**A person convicted of violating Title 18, United States Code, Section 1505** shall be imprisoned for no more than five (5) years, fined not more than $250,000, given a term of supervised release of no more than three years, and required to pay a special assessment fee of one hundred ($100) dollars.