1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  DAVID B. COUNTRYMAN (CABN 226995)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        Email: david.countryman@usdoj.gov
8
   Attorneys for United States of America
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13
   UNITED STATES OF AMERICA,          )   CASE NO. CR 15-0427 BLF
14                                     )
            Plaintiff,                 )   RECORDED NOTICE OF PENDENCY OF
15                                     )   ACTION (LIS PENDENS) AS TO REAL
        v.                             )   PROPERTY LOCATED AT 27435 MANON
16                                     )   AVENUE, HAYWARD, CA 94544
   RAGINI VECHAM                       )   (APN 453-0060-018-10)
17      a/k/a Ragini Vechman,          )
   KISHORE PALLAPOTHU                  )
18      a/k/a Krisha Kishore,          )
   SATYANARAYANA TOTA,                 )
19 HORIZON TECHNOLOGIES, INC.,         )
   SOFTNET TECHNOLOGY                  )
20 SOLUTIONS, INC.,                    )
        a/k/a Sonora Staffing,         )
21 RAMANA REDDY,                       )
   ROSE 23 HAYWARD LLC,                )
22 SAGE 20 HAYWARD LLC,                )
   JASMINE 20 HAYWARD LLC,             )
23 TULIP 26 HAYWARD LLC, and           )
   LILY 20 HAYWARD LLC,                )
24                                     )
            Defendants.                )
25 _____)

26

27

28

RECORDED NOTICE OF LIS PENDENS
CR 15-0427 BLF

1    The United States hereby submits the attached Recorded Notice of Lis Pendens as to Real

2    Property and Improvements located at 27435 Manon Avenue, Hayward, California 94544.

3    (APN 453-0060-018-10)

4                                                   Respectfully submitted,

5                                                   BRIAN J. STRETCH
                                                    Acting United States Attorney
6    Dated: 9/25/15

7                                                   _____
                                                    DAVID B. COUNTRYMAN
8                                                   Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECORDED NOTICE OF LIS PENDENS
CR 15-0427 BLF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers.  The undersigned further certifies that she caused a copy of

- RECORDED NOTICE OF PENDENCY OF ACTION (LIS PENDENS) AS TO REAL
  PROPERTY LOCATED AT 27435 MANON AVENUE, HAYWARD, CA 94544
  (APN 453-0060-018-10)

to be served this date via United States first class mail delivery upon the person(s) below at the place(s)

and address(es) which is the last known address(es):

Kishore Pallapothu                        Sage 20 Hayward, LLC
Ragini Vecham                             467 Saratoga Avenue, Suite 1484
10568 Johnson Avenue                      San Jose, CA 95129
Cupertino, CA 95014

JP Morgan Chase Bank                      Horizon Technologies
3929 W. John Carperter Fwy                1270 Oakmead Parkway, Suite 115
Irving, TX 75063                          Sunnyvale, CA 94085

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge.

Executed this 25th day of September, 2015, at San Francisco, California

*Carolyn Jusay*

CAROLYN JUSAY
FSA Paralegal
Asset Forfeiture Unit

RECORDED NOTICE OF LIS PENDENS
CR 15-0427 BLF

# ORIGINAL



2015246420      09/04/2015 10:18 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
STEVE MANNING
RECORDING FEE:      123.00



37  PGS

1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  DAVID B. COUNTRYMAN (CABN 226995)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7303
7       FAX: (415) 436-6748
        Email: david.countryman@usdoj.gov
8
   Attorneys for United States of America
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13  UNITED STATES OF AMERICA,          )   No.    CR 15-00427 BLF
                                       )
14        Plaintiff,                   )   NOTICE OF PENDENCY OF ACTION (LIS
                                       )   PENDENS) AS TO REAL PROPERTY LOCATED
15     v.                              )   AT 27435 MANON AVENUE, HAYWARD, CA
                                       )   94544 (APN 453-0060-018-10)
16  RAGINI VECHAM                      )
         a/k/a/ Ragini Vechman,        )
17  KISHORE PALLAPOTHU                 )
         a/k/a Krisha Kishore,         )
18  SATYANARAYANA TOTA,                )
    HORIZON TECHNOLOGIES, INC.,        )
19  SOFTNET TECHNOLOGY                 )
    SOLUTIONS, INC.,                   )
20       a/k/a Sonora Staffing,        )
    RAMANA REDDY,                      )
21  ROSE 23 HAYWARD LLC,               )
    SAGE 20 HAYWARD LLC,               )
22  JASMINE 20 HAYWARD LLC,            )
    TULIP 26 HAYWARD LLC, and          )
23  LILY 20 HAYWARD LLC,               )
                                       )
24        Defendants.                  )
                                       )
25  _____)

26

27

28

1    NOTICE IS HEREBY GIVEN that an action has been commenced in the above-entitled Court

2  pursuant to an Indictment, a copy of which is attached hereto as Exhibit A, filed by the United States of

3  America on September 2, 2015, to secure a judicial forfeiture of real property and improvements located

4  at 27435 Manon Avenue, Hayward, California 94544 (APN 453-0060-018-10), and further described in

5  Exhibit B, which is attached hereto.

6    The plaintiff alleges that the said real property is subject to forfeiture pursuant to 18 U.S.C.

7  § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 18 U.S.C. § (a)(2)(A), 18 U.S.C. § (a)(6)(A)(ii) and 28 U.S.C.

8  § 2461(c).

9    The owners of record to the said real property are Kishore Pallapothu, Ragini Vecham and Sage

10  20 Hayward, LLC.

11  DATED: September 3, 2015                    Respectfully submitted,

12                                              BRIAN J. STRETCH
                                                Acting United States Attorney
13

14                                              _____

15                                              DAVID B. COUNTRYMAN
                                                Assistant United States Attorney
16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she caused a copy of

- Notice of Pendency of Action (Lis Pendens) as to Real Property located at 27435 Manon Avenue, Hayward, CA 94544

to be served this date via United States certified mail delivery and first class mail delivery upon the person(s) below at the place(s) and address(es) which is the last known address(es):

| | |
|---|---|
| Kishore Pallapothu<br>Ragini Vecham<br>10568 Johnson Avenue<br>Cupertino, CA 95014 | Sage 20 Hayward, LLC<br>467 Saratoga Avenue, Suite 1484<br>San Jose, CA 95129 |
| JP Morgan Chase Bank<br>3929 W. John Carperter Fwy<br>Irving, TX 75063 | Horizon Technologies<br>1270 Oakmead Parkway, Suite 115<br>Sunnyvale, CA 94085 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 3rd day of September, 2015, at San Francisco, California

*Carolyn Jusay*

CAROLYN JUSAY
FSA Paralegal
Asset Forfeiture Unit

**EXHIBIT A**

No.

SEALED BY ORDER
OF THE COURT

CR 15    00427 BLF PSG

FILED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

RAGINI VECHAM et al.

# INDICTMENT

**See Attachment**

*A true bill,*

_____
*Foreperson*

*Filed in open court this* _2nd_ *day of* _September_

*A.D. 2015*

_____
UNITED STATES MAGISTRATE JUDGE

*Bail.* $ _No Bail Arrest warrants for Vecham, Pallapothu, Tota, Reddy only_

# ATTACHMENT TO INDICTMENT COVER

## U.S.
### v.
### RAGINI VECHAM, et al.

**Count One :**  18 U.S.C.§ 371 – Conspiracy to Commit Visa Fraud, Mail Fraud, Obstruction of Justice, Witness Tampering, and to Defraud the United States
(Vecham, Pallapothu, Tota, Horizon, Softnet, Reddy, Rose, Sage, Jasmine, Tulip and Lily)

**Counts Two - Fourteen:**    18 U.S.C. §1546(a) - Visa Fraud
(Vecham and Pallapothu)

**Counts Fifteen – Twenty-seven:**    18 U.S.C. § 1341 - Mail Fraud,
(Vecham and Pallapothu)

**Count Twenty-eight:**    18 U.S.C. § 1505 - Obstruction of Justice,
(Pallapothu)

**Counts Twenty-nine and Thirty:**    18 U.S.C. § 1512(b)(3) - Witness Tampering
(Pallapothu)

**Count Thirty-one:**  18 U.S.C. § 1505 – Obstruction of Justice
(Tota)

**Count Thirty-two:**  18 U.S.C. § 1014 - Loan Fraud
(Vecham, Pallapothu, and Rose 23 Hayward LLC)

**Count Thirty-three:**  18 U.S.C. § 1014 - Loan Fraud
(Vecham, Pallapothu, and Sage 20 Hayward LLC)

**Count Thirty-four:**  18 U.S.C. § 1343 - Wire Fraud
(Vecham, Pallapothu, Horizon, Softnet and Rose 23   Hayward LLC)

**<u>Counts Thirty-five and Thirty-six</u>:** 18 U.S.C. § 1957 – Money Laundering ("Proceeds")
(Vecham, Pallapothu, Horizon, and      Rose 23 Hayward
LLC)

**<u>Count Thirty-seven</u>:** 18 U.S.C. § 1014 - Loan Fraud
(Vecham, Pallapothu, and Jasmine 20 Hayward LLC)

**<u>Count Thirty-eight</u>:** 18 U.S.C. § 1014 - Loan Fraud
(Vecham, Pallapothu, and Tulip 26 Hayward LLC)

**<u>Count Thirty-nine</u>:** 18 U.S.C. § 1014 - Loan Fraud
(Vecham, Pallapothu, and Lily 20 Hayward LLC)

1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12

13  UNITED STATES OF AMERICA,           )  No.
                                        )
14            Plaintiff,                )
                                        )  VIOLATIONS:
15       v.                             )
                                        )  18 U.S.C. § 371 (Conspiracy to Commit Visa and
16  RAGINI VECHAM                       )  Mail Fraud, Obstruction of Justice, Witness
         a/k/a/ Ragini Vechman,         )  Tampering, and to Defraud the United States);
17  KISHORE PALLAPOTHU                  )  18 U.S.C. § 1546 (Visa Fraud); 18 U.S.C. § 1341
         a/k/a Krishna Kishore,         )  (Mail Fraud); 18 U.S.C. § 1505 (Obstruction of
18  SATYANARAYANA TOTA,                 )  Justice); 18 U.S.C. §1512(b)(3) (Witness Tampering);
    HORIZON TECHNOLOGIES, INC.,         )  18 U.S.C. § 1014 (Loan Fraud); 18 U.S.C. § 1343
19  SOFTNET TECHNOLOGY                  )  (Wire Fraud); 18 U.S.C. § 1957 (Money Laundering);
    SOLUTIONS, INC.,                    )  18 U.S.C. § 982(a)(6)(A)(ii) (Visa Fraud Forfeiture);
20       a/k/a Sonora Staffing,         )  18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)
    RAMANA REDDY,                       )  (Mail Fraud and Wire Fraud Forfeiture);
21  ROSE 23 HAYWARD LLC,                )  18 U.S.C. § 982(a)(2)(A) (Loan Fraud Forfeiture)
    SAGE 20 HAYWARD LLC,                )
22  JASMINE 20 HAYWARD LLC,             )
    TULIP 26 HAYWARD LLC, and           )
23  LILY 20 HAYWARD LLC,                )  SAN JOSE VENUE
                                        )
24            Defendants.               )
                                        )
25                                      )
                                        )
26                                      )

27

28

INDICTMENT                          1

SEALED BY ORDER
OF THE COURT

FILED

SEP 0 8 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BLF

CR 15   00 42 7 PSG

1
<u>INDICTMENT</u>

2 The Grand Jury charges:

3 <u>Introductory Allegations</u>

4 At all times relevant to this Indictment, unless otherwise specified:

5 <u>Relevant Individuals and Entities</u>

6     1.    RAGINI VECHAM a/k/a/ Ragini Vechman ("VECHAM") was a resident of Cupertino,

7 California.

8     2.    KISHORE PALLAPOTHU a/k/a Krishna Kishore ("PALLAPOTHU") was a resident of

9 Cupertino, California.

10     3.    HORIZON TECHNOLOGIES, INC., ("HORIZON") was a Wyoming Corporation

11 formed in approximately August 2004, and registered with the California Secretary of State in July

12 2009, with its principal place of business in Sunnyvale, California.  HORIZON had previously

13 conducted business in California under the name "Horizon Systems" and "Horizon Systems, Inc."

14 VECHAM and PALLAPOTHU were the founders, owners, shareholders and control persons with

15 ultimate authority over of HORIZON.

16     4.    VECHAM and PALLAPOTHU also owned or controlled other business entities affiliated

17 with HORIZON, including Fortune Technologies, Inc., Alpine Systems, Inc., Elite Software, Inc.,

18 Teknisystems, AG Systems, Sysnet Technology Solutions, Inc., and MapleBlitz.

19     5.    SATYANARAYANA TOTA ("TOTA") was a resident of Sunnyvale, California.  At

20 some time between 2007 and 2010, TOTA became an authorized representative of Atiric Software, Inc.

21 ("Atiric").  On or about March 21, 2007, Atiric had been registered as a corporation with the State of

22 California and identified VECHAM as its signing officer.  Atiric's principal place of business was

23 identified as the same address as a number of PALLAPOTHU and VECHAM-owned and controlled

24 businesses.  TOTA, PALLAPOTHU, and VECHAM shared a familial bond in that TOTA's wife was

25 PALLAPOTHU's sister.  On or about December 2, 2010, TOTA, on behalf of Atiric, filed papers with

26 the State of California surrendering the right to transact business.

27     6.    RAMANA REDDY was a resident of Sunnyvale, California, and did business in real

28 estate under the name BVS.

7.     SOFTNET TECHNOLOGY SOLUTIONS INC. a/k/a SONORA STAFFING ("SOFTNET") was incorporated in the State of Washington on or about July 8, 2013, with "Ragini Vechman" (defendant VECHAM) as its Treasurer.  SOFTNET was owned and controlled by VECHAM and PALLAPOTHU.

8.     ROSE 23 HAYWARD LLC ("ROSE") was a Wyoming limited liability company formed in October 2012, with its principal place of business in Buffalo, Wyoming, and a mailing address in San Jose, California.  ROSE was owned and controlled by VECHAM and PALLAPOTHU.

9.     SAGE 20 HAYWARD LLC ("SAGE") was a Wyoming limited liability company formed in April 2013, with its principal place of business in Buffalo, Wyoming, and a mailing address in San Jose, California.  SAGE was owned and controlled by VECHAM and PALLAPOTHU.

10.    JASMINE 20 HAYWARD LLC ("JASMINE") was a Wyoming limited liability company formed in July 2013, with its principal place of business in Buffalo, Wyoming, and a mailing address in San Jose, California.  JASMINE was owned and controlled by VECHAM and PALLAPOTHU.

11.    TULIP 26 HAYWARD LLC ("TULIP") was a Wyoming limited liability company formed in November 2013, with its principal place of business in Buffalo, Wyoming, and a mailing address in San Jose, California.  TULIP was owned and controlled by VECHAM and PALLAPOTHU.

12.    LILY 20 HAYWARD LLC ("LILY") was a Wyoming limited liability company formed in November 2013, with its principal place of business in Buffalo, Wyoming, and a mailing address in San Jose, California.  LILY was owned and controlled by VECHAM and PALLAPOTHU.

### The H-1B Visa Program

13.    The Immigration and Nationality Act, Title 8, United States Code, Section 1101, controls and regulates several categories of foreign nationals who may be admitted to the United States on a temporary basis as a nonimmigrant.

14.    The "H-1B Specialty (Professional) Workers" program allowed an employer to temporarily employ a foreign worker in the United States on a nonimmigrant basis in a "specialty occupation."  A "specialty occupation" required the theoretical and practical application of a body of specialized knowledge and a bachelor's degree or the equivalent in the specific specialty.  The

1   Employment and Training Administration (hereinafter "ETA") was an agency of the United States

2   established within the United States Department of Labor ("DOL") and empowered to administer the H-

3   1B program.

4   <u>The H-1B Temporary Work Authorization</u>

5       15.    Each employer seeking to employ an H-1B nonimmigrant was required to submit

6   a completed Labor Certification Application (ETA Form 9035).  The document, known as an "LCA,"

7   required the employer to make several attestations regarding the employer's responsibilities, confirming

8   the existence and duration of the temporary job position, including the wages, working conditions, and

9   benefits to be provided to the nonimmigrant.

10      16.    Upon submission of the ETA Form 9035 and subsequent DOL certification, the employer

11  of an H-1B nonimmigrant worker was required to also then file a Form I-129, Petition for

12  Nonimmigrant Worker, with the United States Citizenship and Immigration Services ("USCIS"), a

13  component of the Department of Homeland Security ("DHS"), for the specific individual (the

14  beneficiary of the H-1B visa application process) hired in connection with the particular certification.

15  <u>PALLAPOTHU and VECHAM Sponsored Hundreds of H-1B Applications</u>

16      17.    Since at least 2006, VECHAM and PALLAPOTHU, through HORIZON and the other

17  companies and entities under their direction and control, held themselves out as staffing specialists for

18  technology firms based in Santa Clara County and elsewhere seeking to fill temporary positions with

19  qualified H-1B independent contractors.

20      18.    VECHAM and PALLAPOTHU were the founders, owners, shareholders and control

21  persons with ultimate authority over the activities of HORIZON, including the creation and submission

22  of H-1B Visa applications to the DOL, USCIS, DHS, and other agencies of the United States

23  Government, as well as the monies generated by HORIZON's operations, including the bank accounts

24  associated with or utilized by HORIZON, VECHAM, and PALLAPOTHU.

25      19.    Beginning no later than 2006 and continuing through at least 2014, in the Northern

26  District of California and elsewhere, defendants VECHAM and PALLAPOTHU and their co-

27  conspirators and agents submitted hundreds of H-1B visa applications for temporary nonimmigrant

28  beneficiaries sponsored by HORIZON or their other affiliated companies.  These applications required

1    the sponsor to represent to the United States, under penalty of perjury and criminal and civil penalties,

2    the true name, location, terms, and duration of the underlying employment position to be filled by the

3    stated beneficiary in each H-1B application.

4        20.    Through their ownership, direction, and control of HORIZON and other affiliated

5    entities, VECHAM and PALLAPOTHU generated gross revenues in 2013 of between approximately

6    $26 million and $31 million, with estimated gross profits of between approximately $5.2 million and

7    $6.7 million.

8                              Summary of Criminal Conduct

9        21.    Beginning in or about 2006 and continuing through 2015, defendants VECHAM and

10   PALLAPOTHU and others engaged in a series of overlapping and interlocking  schemes to defraud the

11   United States, banks, lenders, and other entities and persons by:

12   •   submitting fraudulent documents to DHS and DOL, among other executive agencies, in
         connection with and support of H-1B petitions for temporary work authorizations;
13

14   •   concealing their scheme and otherwise obstructing the United States' investigations into their
         conduct by, among other manner and means, making false representations to federal officers,
15       tampering with witnesses, falsely representing a sale of all their interest in HORIZON, and
         creating a series of LLCs concealing millions of dollars of HORIZON's profits and
16       converting them into commercial real estate holdings;  and,

17   •   funding their purchase of commercial real estate in part by means of fraudulent loan
         applications to FDIC-insured lenders in excess of $11 million.
18
                                 The Visa Fraud Scheme
19
         22.    VECHAM, PALLAPOTHU, TOTA, HORIZON and others submitted, and caused to be

20   submitted, fraudulent documents to the United States in connection with temporary H-1B petitions, in

21   order to create a pool of H-1B beneficiaries who could thereafter be placed at legitimate employment

22   positions in the Northern District of California and elsewhere, and in the process, gain an unfair

23   advantage over competing employment staffing firms.

24       23.    As part of the scheme to defraud, VECHAM, PALLAPOTHU, TOTA, HORIZON, and

25   others, by means of the U.S. Mail and commercial common carrier, did submit and cause to be

26   submitted LCA (ETA Form 9035) and I-129 Forms, among other documents, containing false

27   representations and material omissions relating to, among other things, the purported nature and

28   existence of Atiric Software and the nature, existence and scope of the purported jobs at Atiric Software

INDICTMENT                                      5

1   and Company No. 1.

2        24.     As part of the scheme to defraud beginning in approximately 2012, VECHAM and

3   PALLAPOTHU, hired individuals for the purpose of executing LCA (ETA Form 9035) and I-129

4   Forms, among other documents, that VECHAM and PALLAPOTHU knew to contain false

5   representations and material omissions relating to, among other things, the term of employment relating

6   to third-party contracts with Company No. 1.

7        25.     As a further part of the scheme to defraud, VECHAM and PALLAPOTHU continued to

8   control, direct, and operate HORIZON, which included control of the gross and net proceeds of its

9   operations and its bank accounts, on and after their purported sale of HORIZON in 2011.

10       26.     As a further part of the scheme to defraud after the purported sale of HORIZON,

11  VECHAM and PALLAPOTHU continued to spend proceeds from HORIZON bank accounts under their

12  exclusive control for their own personal expenses, including buying thousands of dollars of jewelry and

13  paying tuition, fees, and donations to their children's private school.

14       27.     As a further part of the scheme to defraud, VECHAM and PALLAPOTHU did create,

15  control, and operate a series of LLCs, specifically ROSE, SAGE, JASMINE, TULIP, and LILY.

16       28.     As a further part of the scheme to defraud, VECHAM and PALLAPOTHU thereafter

17  wired and otherwise transferred millions of dollars from bank accounts under the name of HORIZON

18  and SOFTNET, all of which were under their exclusive control, to bank accounts at Comerica Bank, a

19  financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), held by the LLCs

20  and under the exclusive control of VECHAM and PALLAPOTHU.

21                          Concealment of the Visa Fraud Scheme

22       29.     On or about November 2010, the USCIS, Office of Fraud Detection and National

23  Security ("FDNS") referred its investigation into VECHAM, PALLAPOTHU, TOTA, and their

24  affiliated companies, based on, among other things, their individual and collective roles in sponsoring

25  and submitting fraudulent H-1B visa applications, to DHS' Homeland Security Investigations ("HSI").

26       30.     On or about January 2011, HSI opened a criminal investigation of VECHAM,

27  PALLAPOTHU, TOTA, and their affiliated companies, into possible visa fraud, mail fraud, wire fraud,

28  and related charges.

31.    On or about January 2011, the DOL's Office of Inspector General ("DOL/OIG") and Department of State's Diplomatic Security Service ("DSS") opened a criminal investigation into substantially similar matters. The HSI, DOL/OIG and DSS agreed to investigate collectively the matters relating to VECHAM, PALLAPOTHU, TOTA and their affiliated companies in regard to their respective roles in the sponsorship of H-1B visa applications as part of a joint investigation.

32.    During the course of the investigations conducted by the FDNS, HSI, DOL/OIG, and DSS, the following matters, among others, were material to each:

    a.    the authenticity, reliability, and accuracy of the information contained in the ETA 9035, I-129 and other documents contained in the applications for H-1B visas filed by VECHAM, PALLAPOTHU, TOTA, and HORIZON on or after 2006;

    b.    the nature of the operations of Atiric Software on or after 2008; and,

    c.    the individuals and entities with ownership, direction, and control of HORIZON at any time on or after 2009.

33.    For the purpose of concealing the scheme, deceiving the United States, and otherwise obstructing the investigation, the defendants undertook, among other manner and means, the following steps:

    a.    VECHAM, PALLAPOTHU, and TOTA knowingly and intentionally provided materially false, misleading, and evasive answers to the agencies about Atiric Software;

    b.    PALLAPOTHU, HORIZON, and others contacted individuals who had fraudulently received H-1B visas in order to persuade them to give false and misleading statements to the criminal investigators and thereby tamper with, hinder, and impede the agencies' investigation;

    c.    VECHAM and PALLAPOTHU created the false impression that they had sold all interest in HORIZON, even as they took steps to convert their ongoing profits from their continued ownership of HORIZON into commercial real estate and to conceal that ownership, and the ill-gotten gains therefrom, through the use of LLCs;

    d.    VECHAM, PALLAPOTHU, REDDY, and others, did transmit and receive wired funds from HORIZON's accounts to REDDY's account for the purpose of funding a series of purported payroll checks in order to make it appear as though PALLAPOTHU was working as an employee of REDDY at BVS; and,

    e.    REDDY then used those funds provided by VECHAM, PALLAPOTHU, and HORIZON to create a series of purported payroll checks and deposits payable to PALLAPOTHU. REDDY also supplied VECHAM and PALLAPOTHU with W-2 forms that VECHAM and PALLAPOTHU used to conceal their continued ownership and control of HORIZON.

1

## The Loan Fraud Scheme

2    34.    Having created and then funded the LLCs with funds from HORIZON's bank accounts,

3  VECHAM and PALLAPOTHU proceeded to purchase commercial real estate in the form of large-scale

4  apartment buildings, titled in the names of the LLCs, as well as a residential property adjacent to their

5  own personal residence in Cupertino.

6    35.    As a part of the scheme to defraud, VECHAM and PALLAPOTHU did apply for and

7  obtain approximately $11 million in commercial loans by falsely representing the sources of the funds

8  for the down payment as well as their sources of income in loan applications to Chase Bank, a FDIC-

9  insured financial institution, in order to finance the purchase of commercial property located in the

10  Northern District of California.

11    36.    As a further part of the scheme to defraud, VECHAM and PALLAPOTHU did direct

12  approximately $5 million to be wired from the Comerica bank accounts they controlled through LLCs to

13  title companies in order to facilitate the purchase of commercial property located in the Northern District

14  of California.

15    37.    As a further part of the scheme to defraud, VECHAM and PALLAPOTHU did wire and

16  otherwise transfer approximately $940,000 in monies sourced from HORIZON and SOFTNET in

17  connection with the purchase of residential property in Cupertino adjacent to their residence and titled in

18  the name of an LLC under their exclusive control.

19    38.    As a further part of the scheme to defraud, VECHAM and PALLAPOTHU by falsely

20  representing the sources of the funds for the down payment as well as their sources of income in a loan

21  application to a lender, did obtain a construction loan, for approximately $450,000, and received such

22  funds via means of wire communications, in connection with the residential property referenced in

23  paragraph 37.

24    39.    As a further part of the scheme to defraud, PALLAPOTHU thereafter transferred title in

25  that residential property referenced in paragraph 37 from the LLC to PALLAPOTHU, after which

26  PALLAPOTHU deposited approximately $430,000 of those loan proceeds into a HORIZON account

27  under the exclusive control of VECHAM and PALLAPOTHU at CITIBANK, an FDIC-insured

28  financial institution.

INDICTMENT                                        8

1  COUNT 1: (18 U.S.C. § 371 – Conspiracy to Commit Visa Fraud, Mail Fraud, Obstruction of Justice, Witness Tampering, and to Defraud the United States)

2

3      40.    Paragraphs 1 through 33 are realleged as if fully set forth herein.

4      41.    Between in or about March 2009, and continuing through in or about June 2015, both

5  dates being approximate and inclusive, in the Northern District of California, and elsewhere, the

6  defendants,

7  RAGINI VECHAM, a/k/a/ Ragini Vechman,
    KISHORE PALLAPOTHU, a/k/a Krishna Kishore,

8      SATYANARAYANA TOTA,
    HORIZON TECHNOLOGIES, INC.,

9  SOFTNET TECHNOLOGY SOLUTIONS, INC., a/k/a Sonora Staffing,
    RAMANA REDDY,

10      ROSE 23 HAYWARD LLC,
    SAGE 20 HAYWARD LLC,

11      JASMINE 20 HAYWARD LLC,
    TULIP 26 HAYWARD LLC, and

12      LILY 20 HAYWARD LLC,

13  and others, did knowingly and intentionally conspire to commit offenses against the United States,

14  namely to:

15  • knowingly obtain and receive a nonimmigrant visa, alien registration receipt card, and other

16  document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to have been procured by means of a

17  false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a);

18  • having devised and intending to devise a material scheme and artifice to defraud, and for

19  obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, for the purpose of executing such scheme

20  and artifice and attempting to do so, place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposited and

21  caused to be deposited matters and things sent and delivered by private or commercial interstate carrier, and took and received therefrom, such matters and things, and knowingly

22  caused to be delivered by mail and such carrier according to the direction thereon, and at the place at which it is directed to be delivered by the person to whom it is addressed, such

23  matters and things, including by making false representations and material omissions about, among other things, the purported nature and existence of Atiric Software and the nature,

24  existence and scope of the purported jobs at Atiric Software and Company No. 1., in violation of Title 18, United States Code, Section 1341;

25  • unlawfully, willfully, and knowingly, corruptly influence, obstruct, and impede, and

26  endeavored to corruptly influence, obstruct, and impede, the proper and due administration of law under which a pending proceeding was being had before a department or agency of the

27  United States, to wit, DHS, DOL, and DSS, and their respective investigations into visa fraud as well as other violations of federal criminal laws relating to the application for H-1B

28  temporary visas and the ownership, control and operations of HORIZON, by, among other manner and means, making false representations and material omissions about, among other things, Atiric Software, as well as contacting beneficiaries in order to persuade them to

INDICTMENT          9

provide to provide false and misleading information to federal law enforcement agents, in violation of Title 18, United States Code, Section 1505;  and

- knowingly and corruptly persuade and otherwise engage in misleading conduct toward beneficiaries by, among other manner and means, advising the beneficiaries how to falsely answer questions from federal law enforcement agents about Atiric Software as well as requesting them to sign fraudulent timesheets relating to their purported job at Atiric, with the intent to hinder, delay, and prevent their communication to agents from DHS, DOL, and DSS, in violation of Title 18, United States Code, Section 1512(b)(3);

and did conspire to defraud the United States through deceit, craft, trickery, and dishonest means for the purpose of attempting to defeat and obstruct the lawful functions of the DHS, DOL, DSS, and FDNS, in the oversight and enforcement of the laws relating to immigration and other federal criminal laws and regulations.

<u>Overt Acts</u>

42.    In furtherance of the conspiracy and to affect the objects thereof, the following overt acts were committed in the Northern District of California and elsewhere:

a.    On or about March 24, 2009, Elite Software submitted to the United States, via United States Mail, an I-129 application, signed by PALLAPOTHU, for beneficiary MP that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

b.    On or about September 5, 2009, Alpine Systems submitted to the United States, via commercial carrier, an I-129 application, signed by PALLAPOTHU, for beneficiary NL that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

c.    On or about October 8, 2009, Alpine Systems submitted to the United States, via commercial carrier, an I-129 application, signed by PALLAPOTHU, for beneficiary SN that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

d.    On or about November 20, 2009, Elite Software submitted to the United States, via commercial carrier, an I-129 application, signed by PALLAPOTHU, for beneficiary KP that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

e.    On or about December 9, 2009, HORIZON submitted to the United States, via United States Mail, an I-129 application, signed by PALLAPOTHU, for beneficiary MK that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

f.    On or about February 8, 2010, Fortune Technologies submitted to the United States, via United States Mail, an I-129 application, signed by PALLAPOTHU, for beneficiary UB that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

g.  On or about February 9, 2010, Alpine Systems submitted to the United States ,via United States Mail, an I-129 application, signed by PALLAPOTHU, for beneficiary NN that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

h.  On or about March 4, 2010, Elite Software submitted to the United States, via commercial carrier, an I-129 application, signed by PALLAPOTHU, for beneficiary LT that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

i.  On or about March 15, 2010, Alpine Systems submitted to the United States, via commercial carrier, an I-129 application, signed by PALLAPOTHU, for beneficiary SS that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

j.  On or about March 23, 2010, Alpine Systems submitted to the United States ,via commercial carrier, an I-129 application, signed by PALLAPOTHU, for beneficiary PV that included, among other documents, a fraudulent purchase order with Atiric Software signed by TOTA;

k.  On or about October 7, 2011, HORIZON submitted to the United States, via commercial carrier, an I-129 application, for beneficiary SS that included, among other documents, an altered task order with Company No. 1;

l.  On or about May 30, 2012, PALLAPOTHU communicated with beneficiary LT to advise LT to review an email to assist LT in falsely answering questions from federal law enforcement agents about Atiric Software;

m.  On or about May 31, 2012, PALLAPOTHU communicated with beneficiary MP to advise MP how to provide false information to questions from federal law enforcement agents about Atiric Software and to sign fraudulent timesheets relating to MP's purported job at Atiric Software and return such documents to PALLAPOTHU;

n.  On or about June 1, 2012, TOTA made false representations to DHS, DOL, and DSS, in connection with their respective investigations into visa fraud as well as other violations of federal criminal laws; that Atiric Software was a legitimate business with a legitimate need for H1-B beneficiaries; that Atiric Software had made legitimate offers of employment in connection with beneficiaries PV, MP, and LT; and that beneficiaries PV, MP, and LT had worked for Atiric Software after having been granted H1-B visas;

o.  On or about July 6, 2012, a $20,000 wire transfer from HORIZON Citibank Account 9491 to REDDY's Wells Fargo Bank Account 0503;

p.  On or about July 10, 2012, HORIZON, VECHAM, and PALLAPOTHU submitted and caused to be submitted to United States a fraudulent IRS Form 8949 recording a sale of all interest of VECHAM and PALLAPOTHU's interest in HORIZON for approximately $240,661;

q.  On or about July 16, 2012, a check in the amount of $13,234 from REDDY to PALLAPOTHU with the notation "July 2012 pay";

r.  On or about August 18, 2012, a HORIZON Chase Account 6811 Check No. 2730, signed by PALLAPOTHU, payable to North American Title, in the amount of $20,000 in connection with the purchase of 29125 Dixon, Hayward, California;

INDICTMENT                               11

s.   On or about October 19, 2012, HORIZON submitted to the United States, via United States Mail, an I-129 application, for beneficiary NY that included, among other documents, an altered task order with Company No. 1;

t.   On or about October 23, 2012, HORIZON submitted to the United States, via United States Mail, an I-129 application, for beneficiary SS that included, among other documents, an altered task order with Company No. 1;

u.   On or about February 6, 2013, a $20,000 wire transfer from HORIZON Citibank Account 9491 to REDDY's Wells Fargo Bank Account 0503;

v.   On or about February 8, 2013, a check in the amount of $12,265.62 from REDDY to PALLAPOTHU with the notation "Jan 2013";

w.   On or about March 3, 2013, a HORIZON Citibank Account 9491 Check No. 31203, signed by VECHAM, payable to Eurostar Belgium, Inc., in the amount of $7,500;

x.   On or about March 3, 2013, a HORIZON Citibank Account 9491 Check No. 31204, signed by VECHAM, payable to Eurostar Belgium, Inc., in the amount of $8,000;

y.   On or about March 26, 2013, a HORIZON Citibank Account 9491 Check No. 31208, signed by VECHAM, payable to Chicago Title, in the amount of $30,000 in connection with the purchase of 10576 Johnson Avenue, Cupertino, California;

z.   On or about March 28, 2013, HORIZON submitted to the United States, via United States Mail, an I-129 application, for beneficiary AP that included, among other documents, an altered task order with Company No. 1;

aa.   On or about April 1, 2013, a HORIZON Citibank Account 9491 Check No. 30699, signed by VECHAM, payable to School No. 1, in the amount of $26,000;

bb.   On or about April 10, 2013, $99,860 wire transfer from SOFTNET US Bank Account 1249 to ROSE 23 HAYWARD LLC Comerica Account 1944;

cc.   On or about April 10, 2013, $98,460 wire transfer from SOFTNET US Bank Account 1249 to ROSE 23 HAYWARD LLC Comerica Account 1944;

dd.   On or about April 10, 2013, $95,023 wire transfer from SOFTNET US Bank Account 1249 to ROSE 23 HAYWARD LLC Comerica Account 1944;

ee.   On or about April 12, 2013, a ROSE 23 HAYWARD LLC Comerica Account 1944 Check No. 56790, signed by VECHAM, payable to First American Title, in the amount of $50,000 in connection with the purchase of 27435 Manon, Hayward, California;

ff.   On or about July 31, 2013, HORIZON Citibank Account 9491 Checks No. 31286 and 31287, signed by VECHAM, payable to JASMINE 20 HAYWARD LLC Comerica Account 1985, in the total amount of $57,688, in connection with the purchase of 27331-27371 Manon, Hayward, California;

gg.   On or about August 1, 2013, a HORIZON Citibank Account 9491 Check No. 31288, signed by VECHAM, payable to JASMINE 20 HAYWARD LLC Comerica Account 1985, in the total amount of $21,000, in connection with the purchase of 27331-27371 Manon, Hayward, California;

hh.   On or about October 30, 2013, a HORIZON Citibank Account 9491 Check No. 31346, signed by VECHAM, payable to Old Republic Title, in the amount of $40,000, in connection with the purchase of 280 Flint Ct, San Lorenzo, California;

ii.   On or about December 6, 2013, a HORIZON Citibank Account 9491 Check No. 31372, signed by VECHAM, payable to Santa Clara County Tax Collector, in the amount of $8,735;

jj.   On or about December 16, 2013, a JASMINE 20 HAYWARD LLC Comerica Account 1985 upon written request by VECHAM, transferred to LILY 20 HAYWARD LLC Comerica Account 9748, the amount of $50,000, in connection with the purchase of 27405 Manon, Hayward, California;

kk.   On or about January 18, 2014, a HORIZON Citibank Account 9491 Check No. 31385, signed by VECHAM, payable to Eurostar Belgium, Inc., in the amount of $12,050;

ll.   On or about March 21, 2014, a $20,000 wire transfer from HORIZON Citibank Account 9491 to REDDY's Wells Fargo Bank Account 0503; and,

mm.   On or about April 1, 2014, a check in the amount of $12,229.63 from REDDY to PALLAPOTHU with the notation "Apr 2014 pay.

All in violation of Title 18, United States Code, Section 371.

COUNTS 2 THROUGH 14:  (18 U.S.C. §1546(a) – Visa Fraud)

43.   The factual allegations of paragraphs 1 through 33 are realleged as if fully set forth herein.

44.   On or about the dates listed in table below, such dates being approximate, in the Northern District of California and elsewhere, the defendants,

RAGINI VECHAM, a/k/a/ Ragini Vechman,
and
KISHORE PALLAPOTHU, a/k/a Krishna Kishore,

did knowingly obtain and receive a nonimmigrant visa, alien registration receipt card, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained, to wit, by means of false representations and material omissions about, among other things, the purported nature and existence of Atiric Software and the nature, existence and scope of the purported jobs at Atiric Software and Company No. 1, for the purpose of illegitimately acquiring H-1B visas:

////

////

INDICTMENT

13

| Count | Approximate Date | Document | Visa Beneficiary |
|:---:|:---:|:---:|:---:|
| 2 | 9/5/2009 | I-129 | NL |
| 3 | 3/31/2009 | I-129 | KP |
| 4 | 10/8/2009 | I-129 | SN |
| 5 | 12/9/2009 | I-129 | MK |
| 6 | 2/8/2010 | I-129 | UB |
| 7 | 2/9/2010 | I-129 | NN |
| 8 | 3/4/2010 | I-129 | LT |
| 9 | 3/15/2010 | I-129 | SS |
| 10 | 3/23/2010 | I-129 | PV |
| 11 | 10/7/2011 | I-129 | SS |
| 12 | 10/19/2012 | I-129 | NY |
| 13 | 10/23/2012 | I-129 | SS |
| 14 | 3/28/2013 | I-129 | AP |

All in violation of Title 18, United States Code, Section 1546(a).

COUNTS 15 to 27:  (18 U.S.C. § 1341 – Mail Fraud)

45.     The factual allegations of paragraphs 1 through 33 are realleged as if fully set forth herein.

46.     On or about the dates listed in table below, such dates being approximate, in the Northern District of California and elsewhere, the defendants,

RAGINI VECHAM, a/k/a/ Ragini Vechman,
and
KISHORE PALLAPOTHU, a/k/a Krishna Kishore,

having devised and intending to devise a material scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, for the purpose of executing such scheme and artifice and attempting to do so, placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposited and caused to be deposited matters and things sent and

INDICTMENT                                          14

delivered by private or commercial interstate carrier, and took and received therefrom, such matters and things, and knowingly caused to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it is addressed, such matters and things, including by making false representations and material omissions about, among other things, the purported nature and existence of Atiric Software and the nature, existence and scope of the purported jobs at Atiric Software and Company No. 1, for the purpose of illegitimately acquiring H-1B visas:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF THE MAILING |
|-------|------------------|----------------------------|
| 15 | 9/5/2009 | I-129 Application and Supporting Documents for NL |
| 16 | 3/31/2009 | I-129 Application and Supporting Documents for KP |
| 17 | 10/8/2009 | I-129 Application and Supporting Documents for SN |
| 18 | 12/9/2009 | I-129 Application and Supporting Documents for MK |
| 19 | 2/8/2010 | I-129 Application and Supporting Documents for UB |
| 20 | 2/9/2010 | I-129 Application and Supporting Documents for NN |
| 21 | 3/4/2010 | I-129 Application and Supporting Document for LT |
| 22 | 3/15/2010 | I-129 Application and Supporting Document for SS |
| 23 | 3/23/2010 | I-129 Application and Supporting Document for PV |
| 24 | 10/7/2011 | I-129 Application and Supporting Document for SS |
| 25 | 10/19/2012 | I-129 Application and Supporting Document for NY |
| 26 | 10/23/2012 | I-129 Application and Supporting Document for SS |
| 27 | 3/28/2013 | I-129 Application and Supporting Document for AP |

All in violation of Title 18, United States Code, Section 1341.

COUNT 28:  (18 U.S.C. § 1505 – Obstruction of Justice)

47.     The factual allegations of paragraphs 1 through 33 are realleged as if fully set forth herein.

48.     Between on or about May 30, 2012, and on or about May 31, 2012, in the Northern

INDICTMENT                                15

District of California, the defendant,

KISHORE PALLAPOTHU, a/k/a Krishna Kishore,

unlawfully, willfully, and knowingly, corruptly influenced, obstructed, and impeded, and endeavored to corruptly influence, obstruct, and impede, the proper and due administration of the law under which a pending proceeding was being had before a department or agency of the United States, to wit, DHS, DOL, and DSS and their respective investigations into visa fraud as well as other violations of federal criminal laws relating to the application for H-1B temporary visas and the ownership, control and operations of HORIZON in part, by contacting beneficiaries, including LT and MP, to persuade them to provide to provide false and misleading information to federal law enforcement agents.

All in violation of Title 18, United States Code, Section 1505.

COUNT 29: (18 U.S.C. § 1512(b)(3) – Witness Tampering)

49. The factual allegations of paragraphs 1 through 33 are realleged as if fully set forth herein.

50. On or about May 30, 2012, in the Northern District of California, the defendant,

KISHORE PALLAPOTHU, a/k/a Krishna Kishore,

did knowingly and corruptly persuade and otherwise engage in misleading conduct toward beneficiary LT by advising LT to review a forthcoming email that would assist LT in falsely answering questions from federal law enforcement agents about Atiric Software, with the intent to hinder, delay, and prevent LT's communication to agents from DHS, DOL, and DSS, relating to the commission of violation of federal criminal laws relating to LT's application for an H-1B temporary visa.

All in violation of Title 18, United States Code, Section 1512(b)(3).

COUNT 30: (18 U.S.C. § 1512(b)(3) – Witness Tampering)

51. The factual allegations of paragraphs 1 through 33 are realleged as if fully set forth herein.

52. On or about May 31, 2012, in the Northern District of California, the defendant,

KISHORE PALLAPOTHU, a/k/a Krishna Kishore,

did knowingly and corruptly persuade and otherwise engage in misleading conduct toward beneficiary MP by advising MP how to provide false information to questions from federal law enforcement agents

INDICTMENT

1  about Atiric Software and directing MP to sign fraudulent timesheets relating to MP's purported job at

2  Atiric and return them to PALLAPOTHU, with the intent to hinder, delay, and prevent MP's

3  communication to agents from DHS, DOL, and DSS, relating to the commission of violation of federal

4  criminal laws relating to LT's application for an H-1B temporary visa.

5      All in violation of Title 18, United States Code, Section 1512(b)(3).

6  COUNT 31: (18 U.S.C. § 1505 – Obstruction of Justice)

7      53.    The factual allegations of paragraphs 1 through 33 are realleged as if fully set forth

8  herein.

9      54.    On or about June 1, 2012, in the Northern District of California, the defendant,

10                      SATYANARAYANA TOTA,

11  unlawfully, willfully, and knowingly, corruptly influenced, obstructed, and impeded, and endeavored to

12  corruptly influence, obstruct, and impede, the proper and due administration of the law under which a

13  pending proceeding was being had before a department or agency of the United States, to wit, DHS,

14  DOL, and DSS and their respective investigations into visa fraud as well as other violations of federal

15  criminal laws relating to the application for H-1B temporary visas and the ownership, control and

16  operations of HORIZON in part, by falsely representing that:

17      a.   Atiric Software was a legitimate business with a legitimate need for H-1B beneficiaries;

18      b.   Atiric Software had made a legitimate offer of employment in connection with HORIZON's
           I-129 applications for beneficiaries PV, MP and LT; and,

19

20      c.   Beneficiaries PV, MP, and LT had, in fact, worked for Atiric Software after having been
           granted H-1B visas.

21      All in violation of Title 18, United States Code, Section 1505.

22  COUNT 32: (18 U.S.C. § 1014 – Loan Fraud)

23      55.    The factual allegations of paragraphs 1 through 39 are realleged as if fully set forth

24  herein.

25      56.    In or about October 2012, in the Northern District of California and elsewhere, the

26  defendants,

27                  RAGINI VECHAM a/k/a/ Ragini Vechman,
                KISHORE PALLAPOTHU, a/k/a Krishna Kishore, and

28

INDICTMENT                              17

ROSE 23 HAYWARD LLC,

did knowingly make and cause to be made false statements, and did knowingly submit and cause to be submitted false and fraudulent documents, falsely representing the sources of the funds for the down payment as well as the sources of income in loan applications, for the purpose of influencing the actions of Chase Bank, a financial institution insured by the Federal Deposit Insurance Corporation, and did aid and abet in the same, in connection with the purchase of the property located at 29125 Dixon, Hayward, California.

All in violation of Title 18, United States Code, Section 1014.

COUNT 33: (18 U.S.C. § 1014 – Loan Fraud)

57.     The factual allegations of paragraphs 1 through 39 are realleged as if fully set forth herein.

58.     In or about April 2013, in the Northern District of California and elsewhere, the defendants,

RAGINI VECHAM a/k/a/ Ragini Vechman,
KISHORE PALLAPOTHU, a/k/a Krishna Kishore, and
SAGE 20 HAYWARD LLC,

did knowingly make and cause to be made false statements, and did knowingly submit and cause to be submitted false and fraudulent documents, falsely representing the sources of the funds for the down payment as well as the sources of income in loan applications, for the purpose of influencing the actions of Chase Bank, a financial institution insured by the Federal Deposit Insurance Corporation, and did aid and abet in the same, in connection with the purchase of the property located at 27435 Manon, Hayward, California.

All in violation of Title 18, United States Code, Section 1014.

COUNT 34: (18 U.S.C. § 1343 – Wire Fraud)

59.     The factual allegations of paragraphs 1 through 39 are realleged as if fully set forth herein.

60.     On or about May 1, 2013, in the Northern District of California and elsewhere, the defendants,

RAGINI VECHAM, a/k/a/ Ragini Vechman,
KISHORE PALLAPOTHU, a/k/a Krishna Kishore,

1

2

HORIZON TECHNOLOGIES, INC.,
SOFTNET TECHNOLOGYSOLUTIONS, INC., a/k/a Sonora Staffing, and
ROSE 23 HAYWARD LLC,

3  having knowingly and intentionally devised a material scheme and artifice to defraud and to obtain

4  money and property by means of materially false and fraudulent pretenses, representations, promises,

5  and material omissions, for the purpose of executing such a scheme and artifice and attempting to do so,

6  did knowingly cause to be transmitted in interstate commerce and foreign commerce the following wire

7  communications, containing false representations about the sources of the funds for the down payment

8  as well as the sources of income, specifically the loan application and supporting documents transmitted

9  to lender EF Foley in connection with a $450,000 construction loan for a property located at 10576

10  Johnson in Cupertino, California.

11       All in violation of Title 18, United States Code, Section 1343.

12  COUNTS 35 AND 36:  (18 U.S.C. § 1957 – Money Laundering)

13       61.     The factual allegations of paragraphs 1 through 39 are realleged as if fully set forth

14  herein.

15       62.     On or about the dates listed in table below, such dates being approximate, in the Northern

16  District of California and elsewhere, the defendants,

17

18

19

RAGINI VECHAM, a/k/a/ Ragini Vechman,
KISHORE PALLAPOTHU, a/k/a Krishna Kishore,
HORIZON TECHNOLOGIES, INC., and
ROSE 23 HAYWARD LLC,

20  did knowingly engage in the following monetary transactions, in and affecting interstate or foreign

21  commerce, which involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of

22  18 U.S.C. § 1343, while knowing that the property involved in the financial transactions represented the

23  proceeds of some form of unlawful activity, as follows:

24  ////

25  ////

26  ////

27  ////

28  ////

INDICTMENT                    19

| COUNT | APPROX. DATE | DESCRIPTION |
|-------|--------------|-------------|
| 35 | 5/30/2013 | $433,150 Wire Transfer from EF Foley to Chicago Title, representing proceeds of construction loan funded by EF Foley lender for the 10576 Johnson Property |
| 36 | 5/31/2013 | $430,000 Check from Chicago Title made payable to Kishore Pallapothu and deposited into HORIZON Citibank Account 9491 |

All in violation of Title 18, United States Code, § 1957.

COUNT 37:  (18 U.S.C. § 1014 – Loan Fraud)

63.    The factual allegations of paragraphs 1 through 39 are realleged as if fully set forth herein.

64.    In or about July 2013, in the Northern District of California and elsewhere, the defendants,

RAGINI VECHAM a/k/a/ Ragini Vechman,
KISHORE PALLAPOTHU, a/k/a Krishna Kishore, and
JASMINE 20 HAYWARD LLC,

did knowingly make and cause to be made false statements, and did knowingly submit and cause to be submitted false and fraudulent documents, falsely representing the sources of the funds for the down payment as well as the sources of income in loan applications, for the purpose of influencing the actions of Chase Bank, a financial institution insured by the Federal Deposit Insurance Corporation, and did aid and abet in the same, in connection with the purchase of the property located at 27331-71 Manon, Hayward, California.

All in violation of Title 18, United States Code, Section 1014.

COUNT 38:  (18 U.S.C. § 1014 – Loan Fraud)

65.    The factual allegations of paragraphs 1 through 39 are realleged as if fully set forth herein.

66.    In or about November 2013, in the Northern District of California and elsewhere, the defendants,

RAGINI VECHAM a/k/a/ Ragini Vechman,
KISHORE PALLAPOTHU, a/k/a Krishna Kishore, and
TULIP 26 HAYWARD LLC,

did knowingly make and cause to be made false statements, and did knowingly submit and cause to be

1   submitted false and fraudulent documents, falsely representing the sources of the funds for the down

2   payment as well as the sources of income in loan applications, for the purpose of influencing the actions

3   of Chase Bank, a financial institution insured by the Federal Deposit Insurance Corporation, and did aid

4   and abet in the same, in connection with the purchase of the property located at 280 Flint Ct, San

5   Lorenzo, California.

6       All in violation of Title 18, United States Code, Section 1014.

7   COUNT 39:  (18 U.S.C. § 1014 – Loan Fraud)

8       67.     The factual allegations of paragraphs 1 through 39 are realleged as if fully set forth

9   herein.

10      68.     In or about November 2013, in the Northern District of California and elsewhere, the

11  defendants,

12                    RAGINI VECHAM a/k/a/ Ragini Vechman,
                KISHORE PALLAPOTHU, a/k/a Krishna Kishore, and
13                        LILY 20 HAYWARD LLC,

14  did knowingly make and cause to be made false statements, and did knowingly submit and cause to be

15  submitted false and fraudulent documents, falsely representing the sources of the funds for the down

16  payment as well as the sources of income in loan applications, for the purpose of influencing the actions

17  of Chase Bank, a financial institution insured by the Federal Deposit Insurance Corporation, and did aid

18  and abet in the same, in connection with the purchase of the property located at 27405 Manon, Hayward,

19  California.

20      All in violation of Title 18, United States Code, Section 1014.

21  FORFEITURE ALLEGATION:  (18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 982(a)(2), 982(a)(6)(A)(ii),
22                                          and 28 U.S.C. §2461(c) – Criminal Forfeiture)

23      69.     The factual allegations of paragraphs 1 through 68 are realleged as if fully set

24  forth herein.

25      70.     Upon conviction of an offense set forth in Counts 1 through 14 of this Indictment, a

26  violation of Section 1546(a) or conspiracy to violate the same, the defendants,

27                    RAGINI VECHAM a/k/a/ Ragini Vechman,
                KISHORE PALLAPOTHU, a/k/a Krishna Kishore,
28                      HORIZON TECHNOLOGIES, INC.,
           SOFTNET TECHNOLOGY SOLUTIONS, INC., a/k/a Sonora Staffing,

INDICTMENT                                    21

RAMANA REDDY,
ROSE 23 HAYWARD LLC,
SAGE 20 HAYWARD LLC,
JASMINE 20 HAYWARD LLC,
TULIP 26 HAYWARD LLC, and
LILY 20 HAYWARD LLC,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii), any property, real or personal (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction; or (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

   a. a sum of money equal to the total value of proceeds and property used, or intended to be used, to commit or to facilitate the commission of the said offense;

   b. the real property and improvements located at 10576 Johnson Avenue, Cupertino CA 95014 (APN 375-28-032);

   c. the real property and improvements located at 29125 Dixon Street, Hayward, CA 94544 (APN 078C-0433-001-06);

   d. the real property and improvements located at 27331-27371 Manon Ave, Hayward CA 94544 (APNs 453-0060-015-04, -05, -06, -07, -08, -10, -13, -15, 453-0060-016-03, -04, -05, -6, -08, -10);

   e. the real property and improvements located at 27405 Manon Ave, Hayward, CA 94544 (APN 453-0060-017-10);

   f. the real property and improvements located at 27435 Manon Ave, Hayward, CA 94544 (APN 453-0060-018-10);

   g. the real property and improvements located at 280 Flint Ct, San Lorenzo, CA 94580 (APN 429-0068-013-04).

71.    Upon conviction of an offense set forth in Counts 1, 15 through 27, and 34 of this Indictment, in violation of Sections 1341 and 1343, or conspiracy to violate the same, the defendants,

RAGINI VECHAM a/k/a/ Ragini Vechman,
KISHORE PALLAPOTHU, a/k/a Krishna Kishore,
HORIZON TECHNOLOGIES, INC.,
SOFTNET TECHNOLOGY SOLUTIONS, INC., a/k/a Sonora Staffing,

1
2
3
4

RAMANA REDDY,
ROSE 23 HAYWARD LLC,
SAGE 20 HAYWARD LLC,
JASMINE 20 HAYWARD LLC,
TULIP 26 HAYWARD LLC, and
LILY 20 HAYWARD LLC,

5  shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

6  Title 28, United States Code, Section 2461(c), any property, real or personal that constitutes, or is

7  derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the

8  offense of conviction.  The property to be forfeited includes, but is not limited to, the following:

9
10

    a.  a sum of money equal to the total value of proceeds obtained directly or indirectly
from the commission of the offense of conviction;

11
12

    b.  the real property and improvements located at 10576 Johnson Avenue, Cupertino
CA 95014 (APN 375-28-032);

13
14

    c.  the real property and improvements located at 29125 Dixon Street, Hayward, CA
94544 (APN 078C-0433-001-06);

15
16
17

    d.  the real property and improvements located at 27331-27371 Manon Ave,
Hayward CA 94544 (APNs 453-0060-015-04, -05, -06, -07, -08, -10, -13, -15,
453-0060-016-03, -04, -05, -6, -08, -10);

18
19

    e.  the real property and improvements located at 27405 Manon Ave, Hayward, CA
94544 (APN 453-0060-017-10);

20
21

    f.  the real property and improvements located at 27435 Manon Ave, Hayward, CA
94544 (APN 453-0060-018-10);

22
23

    g.  the real property and improvements located at 280 Flint Ct, San Lorenzo, CA
94580 (APN 429-0068-013-04).

24      72.    Upon conviction of an offense set forth in Counts 32 through 33 and 37 through 39 of

25  this Indictment, a violation of Section 1014, or conspiracy to violate the same, the defendants,

26
27
28

RAGINI VECHAM a/k/a/ Ragini Vechman,
KISHORE PALLAPOTHU, a/k/a Krishna Kishore,
HORIZON TECHNOLOGIES, INC.,
ROSE 23 HAYWARD LLC,
SAGE 20 HAYWARD LLC,
JASMINE 20 HAYWARD LLC,

TULIP 26 HAYWARD LLC, and
LILY 20 HAYWARD LLC,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction.  The property to be forfeited includes, but is not limited to, the following:

    a.   a sum of money equal to the total value of proceeds obtained directly or indirectly from the commission of the offense of conviction;

    b.   the real property and improvements located at 10576 Johnson Avenue, Cupertino CA 95014 (APN 375-28-032);

    c.   the real property and improvements located at 29125 Dixon Street, Hayward, CA 94544 (APN 078C-0433-001-06);

    d.   the real property and improvements located at 27331-27371 Manon Ave, Hayward CA 94544 (APNs 453-0060-015-04, -05, -06, -07, -08, -10, -13, -15, 453-0060-016-03, -04, -05, -6, -08, -10);

    e.   the real property and improvements located at 27405 Manon Ave, Hayward, CA 94544 (APN 453-0060-017-10);

    f.   the real property and improvements located at 27435 Manon Ave, Hayward, CA 94544 (APN 453-0060-018-10);

    g.   the real property and improvements located at 280 Flint Ct, San Lorenzo, CA 94580 (APN 429-0068-013-04).

73.     If any of the property described above, as a result of an act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty,

INDICTMENT

1  the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States

2  Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

3       All pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), 982(a)(2)(A),

4  982(a)(6), and Title 28, United States Code, Section 2461.

5  DATED: 9/2/15 _____

6

7                                        A TRUE BILL

8  BRIAN J. STRETCH
  Acting United States Attorney                    FOREPERSON

9

10

11

12  PHILIP A. GUENTERT
  Deputy Chief, Criminal Division

13  Approved as to form:

14

15

16  TIMOTHY J. LUCEY
  Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

APN 453-0060-018-10

Property:          27435 Manon Avenue, Hayward, CA 94544

**PARCEL 1:**

COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF HARRIS ROAD, WITH THE CENTER LINE OF MANON AVENUE, AS SAID ROAD AND AVENUE ARE SHOWN ON THE MAP HEREIN REFERRED TO; RUNNING THENCE NORTH 42° 01' WEST ALONG THE SAID CENTER LINE OF MANON AVENUE, 415 FEET; THENCE SOUTH 57° 09' WEST, 187.167 FEET TO THE ACTUAL POINT OF BEGINNING; THENCE CONTINUING SOUTH 57° 09' WEST, 47.333 FEET; THENCE NORTH 32° 51' WEST, 81.94 FEET TO A LINE DRAWN SOUTH 57° 09' WEST FROM A POINT ON SAID CENTER LINE OF MANON AVENUE, DISTANT THEREON NORTH 42° 01' WEST, 498 FEET FROM THE CENTER LINE OF HARRIS ROAD; THENCE ALONG SAID LINE, SO DRAWN, NORTH 57° 09' EAST, 47.333 FEET TO A LINE DRAWN NORTH 32° 51' WEST FROM THE POINT OF BEGINNING; AND THENCE ALONG THE LAST DESCRIBED LINE SOUTH 32° 51' EAST, 81.94 FEET TO THE ACTUAL POINT OF BEGINNING.

**PARCEL 2:**

COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF HARRIS ROAD WITH THE CENTER LINE OF MANON AVENUE, AS SAID ROAD AND AVENUE ARE SHOWN ON THE MAP HEREIN REFERRED TO; RUNNING THENCE NORTH 42° 01' WEST ALONG THE SAID CENTER LINE OF MANON AVENUE, 415 FEET; THENCE SOUTH 57° 09' WEST, 234.500 FEET TO THE ACTUAL POINT OF BEGINNING; THENCE CONTINUING SOUTH 57° 09' WEST, 49.333 FEET; THENCE NORTH 32° 51' WEST, 81.94 FEET TO A LINE DRAWN SOUTH 57° 09' WEST FROM A POINT ON SAID CENTER LINE OF SAID MANON AVENUE, DISTANT THEREON NORTH 42° 01' WEST, 498 FEET FROM SAID ONE CENTER LINE OF SAID HARRIS ROAD; THENCE ALONG SAID LINE, SO DRAWN, NORTH 57° 09' EAST, 49.333 FEET TO A LINE DRAWN NORTH 32° 51' WEST FROM THE ACTUAL POINT OF BEGINNING; AND THENCE ALONG THE LAST NAMED LINE SOUTH 32° 51' EAST 81.94 FEET TO THE ACTUAL POINT OF BEGINNING.

**PARCEL 3:**

COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF HARRIS ROAD, WITH THE CENTER LINE OF MANON AVENUE, AS SAID ROAD AND AVENUE ARE SHOWN ON THE MAP HEREIN REFERRED TO; RUNNING THENCE NORTH 42° 01' WEST ALONG THE SAID CENTERLINE OF MANON AVENUE, 415 FEET; THENCE SOUTH 57° 09' WEST, 283.833 FEET TO THE ACTUAL POINT OF BEGINNING' THENCE CONTINUING SOUTH 57° 09' WEST, 49.333 FEET;
THENCE NORTH 32° 51' WEST, 81.94 FEET TO A LINE DRAWN SOUTH 57° 09' WEST FROM A POINT ON SAID CENTER LINE OF SAID MANON AVENUE DISTANCE THEREON NORTH 42° 01' WEST, 498 FEET FROM SAID CENTER LINE OF SAID HARRIS ROAD; THENCE ALONG SAID LINE, SO DRAWN, NORTH 57° 09' EAST, 49.333 FEET TO A LINE DRAWN NORTH 32° 51' WEST FROM THE ACTUAL POINT OF BEGINNING; AND THENCE ALONG THE LAST DESCRIBED LINE SOUTH 32° 51' EAST, 81.94 FEET TO THE ACTUAL POINT OF BEGINNING.

PARCEL 4:

COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF HARRIS ROAD, WITH THE CENTER LINE OF MANON AVENUE, AS SAID ROAD AND AVENUE ARE SHOWN ON THE MAP HEREIN REFERRED TO; RUNNING THENCE NORTH 42° 01' WEST ALONG THE SAID CENTER LINE OF MANON AVENUE, 415 FEET, THENCE SOUTH 57° 09' WEST, 333.166 FEET TO THE ACTUAL POINT OF BEGINNING; THENCE CONTINUING SOUTH 57° 09' WEST, 49.333 FEET; THENCE NORTH 32° 51' WEST, 81.94 FEET TO A LINE DRAWN SOUTH 57° 09' WEST FROM A POINT ON SAID CENTER LINE OF SAID MANON AVENUE, DISTANT THEREON NORTH 42° 01' WEST, 498 FEET FROM SAID CENTER LINE OF SAID HARRIS ROAD; THENCE ALONG SAID LINE, SO DRAWN, NORTH 57° 09' EAST, 49.333 FEET TO A LINE DRAWN NORTH 32° 51' WEST FROM THE ACTUAL POINT OF BEGINNING; AND THENCE ALONG THE LAST DESCRIBED LINE SOUTH 32° 51' EAST, 81.94 FEET TO THE ACTUAL POINT OF BEGINNING.

PARCEL 5:

COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF HARRIS ROAD, WITH THE CENTER LINE OF MANON AVENUE, AS SAID ROAD AND AVENUE ARE SHOWN ON THE MAP HEREIN REFERRED TO; RUNNING THENCE NORTH 42° 01' WEST ALONG THE SAID CENTER LINE OF MANON AVENUE, 415 FEET; THENCE SOUTH 57° 09' WEST, 382.499 FEET TO THE ACTUAL POINT OF BEGINNING; THENCE CONTINUING SOUTH 57° 09' WEST, 49.333 FEET; THENCE NORTH 32° 51' WEST, 81.94 FEET TO A LINE DRAWN SOUTH 57° 09' WEST FROM A POINT ON SAID CENTER LINE OF MANON AVENUE, DISTANT THEREON NORTH 42° 01' WEST, 498 FEET FROM SAID CENTER LINE OF SAID HARRIS ROAD; THENCE ALONG SAID LINE SO DRAWN, NORTH 57° 09' EAST 49.333 FEET TO A LINE DRAWN NORTH 32° 51' WEST FROM THE ACTUAL POINT OF BEGINNING' AND THENCE ALONG THE LAST DESCRIBED LINE SOUTH 32° 51' EAST, 81.94 FEET TO THE ACTUAL POINT OF BEGINNING.

PARCEL 6:

COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF HARRIS ROAD WITH THE CENTER LINE OF MANON AVENUE, AS SAID ROAD AND AVENUE ARE SHOWN ON THE MAP HEREINAFTER REFERRED TO; RUNNING THENCE NORTH 42° 01' WEST ALONG THE SAID CENTER LINE OF MANON AVENUE 415 FEET TO THE POINT OF BEGINNING; THENCE SOUTH 57° 09' WEST 182.167 FEET; THENCE NORTH 32° 51' WEST 81.94 FEET TO A LINE DRAWN 57° 9' WEST FROM A POINT ON SAID CENTER LINE OF SAID MANON AVENUE DISTANT THEREON NORTH 42° 01' WEST 498 FEET FROM SAID CENTER LINE OF SAID HARRIS ROAD; THENCE ALONG SAID LINE SO DRAWN NORTH 57° 09' EAST 168.945 FEET TO SAID CENTER LINE OF SAID MANON AVENUE; AND THENCE ALONG THE LAST NAMED LINE SOUTH 42° 01' EAST 83.00 FEET TO THE POINT OF BEGINNING.

PARCEL 7:

COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF HARRIS ROAD WITH THE CENTER LINE OF MANON AVENUE, AS SAID ROAD AND AVENUE ARE SHOWN ON THE MAP HEREINAFTER REFERRED TO; RUNNING THENCE NORTH 42° 01' WEST ALONG THE SAID CENTER LINE OF MANON AVENUE 415 FEET; THENCE SOUTH 57° 09' WEST 182.167 FEET TO THE ACTUAL POINT OF BEGINNING; THENCE CONTINUING SOUTH 57° 09' WEST 5.00 FEET; THENCE NORTH 32° 51' WEST 81.94 FEET TO A LINE DRAWN SOUTH 57° 09' WEST FROM A POINT ON SAID CENTER LINE OF SAID MANON AVENUE DISTANT THEREON NORTH 42° 01' WEST 498 FEET FROM SAID CENTER LINE OF SAID HARRIS ROAD; THENCE ALONG SAID LINE SO DRAWN NORTH 57° 09' EAST 5.00 FEET TO A LINE DRAWN NORTH 32° 51' WEST FROM THE ACTUAL POINT OF BEGINNING'; AND THENCE ALONG THE LAST LINE SOUTH 32° 51' EAST 81.94 FEET TO THE ACTUAL POINT OF BEGINNING.

PARCEL 8:

COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF HARRIS ROAD WITH THE CENTER LINE OF MANON AVENUE, AS SAID ROAD AND AVENUE ARE SHOWN ON THE MAP HEREINAFTER REFERRED TO; RUNNING THENCE NORTH 42° 01' WEST ALONG THE SAID CENTER LINE OF MANON AVENUE 415 FEET; THENCE SOUTH 57° 09' WEST 431.832 FEET TO THE ACTUAL POINT OF BEGINNING; THENCE CONTINUING SOUTH 57° 09' WEST 99.778 FEET; THENCE NORTH 42° 01' WEST 83.00 FEET TO A LINE DRAWN SOUTH 57° 09' WEST FROM A POINT ON SAID CENTER LINE OF SAID MANON AVENUE DISTANT THEREON NORTH 42° 01° WEST 498 FEET FROM SAID CENTER LINE OF SAID HARRIS ROAD; THENCE ALONG SAID LINE SO DRAWN NORTH 57° 09' EAST 113 FEET TO A LINE DRAWN NORTH 32° 51' WEST FROM THE ACTUAL POINT OF BEGINNING; AND THENCE ALONG THE LAST DESCRIBED LINE SOUTH 32° 51' EAST 81.94 FEET TO THE ACTUAL POINT OF BEGINNING.

PARCEL 9:

AN EASEMENT FOR SANITARY SEWERS ALONG THE NORTHERLY ½ OF A STRIP OF LAND 10 FEET WIDE, THE CENTER LINE BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER LINE OF MANON AVENUE, DISTANT THEREON NORTH 42° 01' WEST 498 FEET FROM THE INTERSECTION THEREOF WITH THE CENTER LINE OF HARRIS ROAD, AS SHOWN ON THE MAP HEREINAFTER REFERRED TO; RUNNING THENCE SOUTH 57° 09' WEST 531.61 FEET.

BEING A PORTION OF BLOCK "P" ACCORDING TO THE MAP ENTITLED, "MAP OF ANNEX OF MEEK ORCHARD TRACT, ALAMEDA COUNTY, CALIFORNIA, EDEN TOWNSHIP", FILED MARCH 11, 1918 IN BOOK 16 OF MAPS, PAGE 59, IN THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY.

SAID STRIP OF LAND TO BE BOUNDED AT ITS EASTERN EXTREMITY IN A LINE DRAWN NORTH 42° 01' WEST THROUGH THE POINT OF BEGINNING AND AT ITS WESTERN EXTREMITY IN A LINE DRAWN SOUTH 42° 01' EAST THROUGH THE TERMINUS OF THE ABOVE DESCRIBED LINE.

A.P.N. 453-0060-018-10

